UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

DISIREE TOOMBS,                                          Civil Action No.

                Plaintiff,                    **COMPLAINT**

    -against-

NEW YORK CITY HOUSING AUTHORITY,                **Trial by Jury Demanded**
JOHN LOPEZ, individually and in his official capacity,
JOHN AND JANE DOES 1-10 and XYZ CORP. 1-10,

              Defendants.

-------------------------------------------------------------------X

        Plaintiff, Disiree Toombs ("Plaintiff" or "Ms. Toombs"), by her attorneys Rudy A. Dermesropian, LLC, complaining of defendants New York City Housing Authority ("NYCHA"), John Lopez, in his individual and official capacities ("Mr. Lopez"), John and Jane Does 1-10 and XYZ Corp. 1-10 (collectively "Defendants"), alleges as follows:

        1.     This action seeks to remedy (1) the unlawful discrimination directed at Plaintiff on the basis of her race; (2) the unlawful discrimination directed at Plaintiff on the basis of her family status; (3) the hostile work environment promoted and maintained by Defendants; (4) the retaliation against Plaintiff; (5) Defendants' failure to accommodate Plaintiff; and (6) harassment, all in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e *et seq*. ("Title VII"), the Executive Law of the State of New York, New York State Human Rights Law (the "Executive Law" or "NYSHRL"), Section 296, *et seq*., and the Administrative Code of the City of New York, New York City Human Rights Law (the "Administrative Code" or "NYCHRL"), Section 8-101, *et seq*.

## PARTIES

2.      Plaintiff, Ms. Toombs, is a Black female and a former employee of NYCHA.

3.      At all relevant times herein, Plaintiff was employed by NYCHA until her unlawful termination on May 26, 2015.

4.      Plaintiff has a minor and dependent son who suffers from severe disabilities and has medical needs, to which Plaintiff must care for and attend to.

5.      Plaintiff resides in Brooklyn, New York, and at all relevant times herein, was employed by NYCHA in the County of New York.

6.      At all relevant times herein, Plaintiff was an "employee" of Defendants within the meaning of Title VII 42 U.S.C. §§2000e, Executive Law § 292(6), and a "person" within the meaning of the Administrative Code §8-102(1).

7.      Defendant NYCHA is a public housing agency in the City of New York, duly organized and existing under Section 401 of the Public Housing Law of the State of New York.

8.      NYCHA maintains a headquarters at 250 Broadway, New York, New York.

9.      NYCHA manages and operates the Jacob Riis Houses, located at 80 Avenue D, New York, New York.

10.     At all relevant times herein, Defendant NYCHA was an "employer" within the meaning of Title VII 42 U.S.C. §§2000e, Executive Law § 292(5) and within the meaning of the Administrative Code § 8-102(5) because it had more than four (4) persons in its employ.

11.     Defendant Mr. Lopez was Plaintiff's direct supervisor, an employee of NYCHA and a decision maker regarding Plaintiff's employment.

12.     At all relevant times herein, Defendant Mr. Lopez was and remains the Superintendent at the Jacob Riis Houses.

13.     At all relevant times herein, Plaintiff was assigned to the Jacob Riis Houses.

14.     Defendants John and Jane Does 1–10 are natural persons whose true identities are not yet known to Plaintiff and are partners, shareholders, principals, employees, agents or persons otherwise associated with one or more of the other Defendants, or were otherwise in positions which enabled them to commit, or to aid and abet in the commission of, the wrongful acts against Plaintiff set forth herein.

15.     Defendants XYZ Corp. 1–10 are additional entities whose true identities are not yet known to Plaintiff, which are owned or operated by, affiliated with, owned and/or managed by or for the benefit of one or more other Defendants, or any combination of any or all of them.

16.     In committing the wrongful conduct described in this action and obtaining the benefits therefrom to Plaintiff's loss, cost, damage and detriment, one or more of the Defendants acted and operated interchangeably as principals, agents, instrumentalities and/or *alter egos* of one or more of them and/or each other.

17.     Each XYZ Corp. Defendant is an "employer" within the meaning of Title VII 42 U.S.C. §§2000e, NYSHRL Section 292(5) and NYCHRL Section 8-102(5) because XYZ Corp. has four (4) or more persons in its employ.

18.     Each John and Jane Doe Defendant is an "employee" within the meaning of Title VII 42 U.S.C. §§2000e, NYSHRL Section 292(6) and NYCHRL.

## JURISDICTION AND VENUE

19.     This Court has subject matter jurisdiction with respect to Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 & 1343, and 42 U.S.C. §§2000e *et seq.*

20.     The unlawful employment practices were committed in New York County, Southern District of New York, when the within alleged conduct took place.

21.     This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. § 1331, as this action arises under the laws of the United States.

22.     This Court has supplemental jurisdiction over Plaintiff's New York State and New York City claims pursuant to 28 U.S.C. § 1367(a).  The New York State and New York City discrimination, harassment and retaliation claims are inexorably related to, arise out of the same operative facts and circumstances as, and are a necessary, integral part of the federal law claims, such that the federal claims and New York State and New York City law claims form part of the same case or controversy.

23.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b).

24.     All conditions precedent to filing suit have been satisfied. Plaintiff filed a timely Complaint of Discrimination with the New York State Division of Human Rights. The Division of Human Rights sent a copy of the Complaint to the U.S. Equal Employment Opportunity Commission ("EEOC"), dually-filing Plaintiff's Complaint under applicable federal laws. On or about February 5, 2016, the EEOC issued Plaintiff a Right to Sue Notice. This action was filed within 90 days of Plaintiff's receipt of the Notice of Right to Sue. Annexed hereto, and hereby incorporated in this Complaint, as Exhibit A, is a copy of Plaintiff's Notice of Right to Sue.

25.     A Notice of Claim was timely filed with NYCHA's Law Department on August 21, 2015, within ninety (90) days of the date of her termination.

## FACTS

26.     Plaintiff, a Black female, was employed by NYCHA since July 7, 2007, and maintained the position of Caretaker J for over seven years prior to her unlawful termination.

27.     As a Caretaker J, Plaintiff's duties and responsibilities generally consisted of maintaining and cleaning the Jacob Riis Houses in Lower Manhattan.

28.     Plaintiff performed her duties and responsibilities with exceptional care and during her employment with NYCHA, Plaintiff received several raises.

29.     In or about August 2013, Mr. Lopez, a Hispanic male, became the Superintendent at the Jacob Riis Houses.

30.     Very shortly after becoming the Superintendent, Mr. Lopez stated at a staff meeting attended by Plaintiff as well as approximately twenty (20) other employees, the vast majority of which were Black, "I want you out of here so I can bring in my people."

31.     In fact, Mr. Lopez terminated, or ordered the termination of, at least six (6) Black employees since becoming Superintendent and replaced them with Hispanic employees.

32.     Upon information and belief, Mr. Lopez did not terminate any Hispanic employees.

33.     Therefore, without more, it is obvious that the culture at NYCHA in general and Jacob Riis Houses in particular is discriminatory in nature and there is a clear preference to Hispanic employees to the detriment of Black employees similar to Plaintiff.

34.     The discrimination against Black employees in general, and against Plaintiff in particular, have been continuous from on or about August 2013, when Mr. Lopez became the Superintendent at the Jacob Riis Houses, until her unlawful termination on May 26, 2015.

35.     As a pretext to their true discriminatory intentions, Defendants fabricated accusations and allegations of wrongdoing against Plaintiff.

36.     By letter dated May 26, 2015, Defendants state that the bases for terminating Plaintiff were a 2009 and 2013 Local Disciplinary Hearings.

37.     However, it is critical to emphasize that Plaintiff's termination could not have been based on either the 2009 or the 2013 Local Disciplinary Hearings because Defendants admittedly stated that "[b]y memorandum dated May 11, 2015, John Lopez, Property Maintenance Supervisor

at Jacob Riis Houses, requested Complainant's termination, citing Complainant's Initial Quarter Probationary Evaluation and counseling memoranda served on Complainant between December 2014 and May 2015."

38.     Defendants' obvious inconsistencies show that the reasons given to Plaintiff on May 26, 2015 are a pretext for discrimination.

39.     In addition, the Local Disciplinary Hearing in 2013, which Defendants rely on in terminating Plaintiff, never took place.

40.     Instead, after Mr. Lopez became Superintendent in August 2013, and in an obvious attempt to discriminate and harass Plaintiff, she was ordered to appear at two (2) separate Hearings in March and June 2014.

41.     Furthermore, the termination letter dated May 26, 2015, clearly states that Plaintiff's employment with NYCHA "is being terminated in accordance with the terms set forth in the Settlement Conference held on July 21, 2014."

42.     However, the July 21, 2014 Settlement Conference stated that Plaintiff has "agreed" to be held "guilty" to only two (2) charges brought against her for events that allegedly took place on April 1, 2014 (leaving a mop and bucket in the lobby) and April 8, 2014 (refusing to return to her assigned area and move the compactor bags to the exterior compactor).

43.     Therefore, the bases of the July 21, 2014 Settlement Conference, which Defendants allegedly relied on to decide to terminate Plaintiff, were events that happened after the 2009 and 2013 Local Disciplinary Hearings.

44.     In addition, the July 21, 2014 Settlement Conference resulted from seven (7) accusations made against Plaintiff, six (6) of which were false and fabricated.

45.     By letter dated June 27, 2014, Defendants charged Plaintiff with incompetency or misconduct, from which charges 2 through 7 were clearly fabricated and false.

46.     In fact, charges 3 through 7, which Defendants withdrew, were made during a period of ten (10) days only.

47.     In charge 2, Defendants allege that on April 8, 2014, Plaintiff "refused, failed, or neglected to follow a reasonable directive or order of a supervisor or superior, when [she] refused to comply with an order by Assistant Superintendent, Anthony Carter, that [she] return to [her] assigned area and move the compactor bags to the exterior compactor."

48.     However, a dated video recording shows that the compactor bags were in fact moved to the exterior compactor and placed inside of the compactor.

49.     At the Local Disciplinary Hearing, Plaintiff agreed to plead guilty on this particular charge based on advice of counsel assigned by the union and out of fear of being terminated

50.     In charge 3, Defendants allege that on May 7, 2014, Plaintiff "failed to perform [her] duties as a Caretaker 'J' in a satisfactory or timely manner, as revealed by an inspection by Caroline Soriano, Assistant Property Maintenance Supervisor."

51.     However, an investigation into this charge showed that Ms. Soriano-Torres made false accusations against Plaintiff, and Defendants ultimately withdrew this charge based on the fact that the accusation was fabricated and blatantly false.

52.     In charge 4, Defendants allege that on May 12, 2014, Plaintiff was absent from work without approval.

53.     However, Defendants' own time records show that Plaintiff worked a full day on May 12, 2014, and therefore, could not have been absent from work.

54.     In charge 5, Defendants allege that on May 13, 2014, Plaintiff "failed to perform [her] duties as a Caretaker 'J' in a satisfactory or timely manner and by not completing [her] janitorial duties in [her] assigned area or buildings in accordance with [her] afternoon schedule, as revealed by an inspection by Caroline Soriano, Assistant Property Maintenance Supervisor."

55.     An investigation into this charge showed that Ms. Soriano-Torres again made false accusations against Plaintiff, and Defendants ultimately withdrew this fifth charge based on the fact that the accusation was fabricated and blatantly false.

56.     In charge 6, Defendants falsely allege that on May 15, 2014, Plaintiff "failed to perform [her] duties as a Caretaker 'J' in a satisfactory or timely manner and by not completing [her] janitorial duties in [her] assigned area or buildings in accordance with [her] afternoon schedule, as revealed by an inspection by Caroline Soriano, Assistant Property Maintenance Supervisor."

57.     However, Defendants' own records show that Plaintiff was in fact attending an "Excused Class," and that Defendants' Professional Development and Training department directed Plaintiff to attend a "MANDATORY SAFETY TRAINING PROGRAM" entitled "SAFETY REFRESHER."

58.     The notice that was issued by Defendants and addressed to Plaintiff, further stated, "***This is a mandatory training and you must attend***."

59.     In charge 7, Defendants falsely allege that on May 16, 2014, Plaintiff "failed to perform [her] duties as Caretaker 'J' in a satisfactory or timely manner, as revealed by an inspection by Caroline Soriano, Assistant Maintenance Supervisor."

60.     However, Defendants had not provided Plaintiff with an afternoon schedule, and Ms. Soriano-Torres could not have conducted an investigation as she was on vacation that day. Therefore, Complainant could not have failed to perform her duties as Caretaker J.

61.     Therefore, *but for* Defendants' false accusations against Plaintiff, the seven (7) disciplinary charges listed in Defendants' June 27, 2014 letter and the subsequent July 21, 2014 Settlement Conference would never have existed.

62.     It is therefore obvious that Defendants were intentionally bringing false and fabricated charges against Plaintiff in order to create a fictitious business reason for suspending Plaintiff, placing her on probation for an entire year and ultimately terminating her.

63.     Plaintiff should never have been suspended for ten (10) workdays without pay, should never have served twelve (12) month General Probationary Evaluation Period, and should not have been terminated.

64.     After being placed on probation, Defendants relentlessly continued there discrimination and harassment against Plaintiff.

65.     For example, a December 1, 2014 Counseling Memorandum for alleged poor performance, which Defendants rely on, references two (2) inspections conducted by Defendants, ***twelve (12) minutes apart***, of the building assigned to Plaintiff on November 21, 2014 at 2:36 PM and 2:48 PM.

66.     However, dated video recordings show that all accusations of poor conditions listed in the December 1, 2014 Counseling Memorandum are false.

67.     Also, a February 2, 2015 Counseling Memorandum alleging misconduct (time and attendance) falsely accuses Plaintiff of 8-missing swipes and of being absent a total of 11 days for the period of September 15, 2014 to January 1, 2015.

68.     However, Alternate Time Sheets, the originals of which are in Defendants' possession and control, give NYCHA employees an alternative way of recording their arrival and departure times.

69.     This alternate method is obviously an accepted method that employees could use to record their worked time under certain circumstances.

70.     Here, Defendants claim that Plaintiff has 8-missing swipes despite properly signing in and out by using the Alternate Time Sheet on at least the following days: October 31, 2014, November 11, 2014, and December 30, 2014.

71.     In addition, Defendants' Time Details sheets for the period September 15, 2014 to January 1, 2015, does not show a missing swipe for November 23, 2014, as it does for the other days.  Therefore, Respondent's allegation that Complainant did not swipe on that particular day is false.

72.     Furthermore, a February 2, 2015 Counseling Memorandum alleges that Plaintiff was absent for a total of 11 days for the period of September 15, 2014 to January 1, 2015.

73.     However, all days that Defendants allege that Plaintiff was absent were approved by Defendants on a Leave of Absence Request form.

74.     Defendants also wrongfully accused Plaintiff of being absent on Thanksgiving Day (i.e., November 27, 2014) while Plaintiff was scheduled to be out.

75.     In addition, an April 14, 2015 Counseling Memorandum alleging misconduct (time and attendance), falsely accuses Plaintiff of 7-missing swipes and of being absent a total of 6 days for the period of January 2, 2015 to April 20, 2015.

76.     However, Alternate Time Sheets, the originals of which are in Defendants' possession and control, show that Plaintiff signed in and out on some of the dates listed by Defendants.

77.     In addition, on each of the six (6) days when Plaintiff was allegedly absent, Plaintiff had to take a day off due to a medical emergency, all of which were approved by Defendants on Leave of Absence Request forms.

78.     Furthermore, a May 8, 2015 Counseling Memorandum for alleged insubordination when Plaintiff allegedly became loud with Anthony Carter ("Mr. Carter"), Assistant Property Superintendent.

79.     However, Plaintiff did not become loud with Mr. Carter, did not question Mr. Carter as to why he was reading her FMLA papers and did not object to him reading it.

80.     In fact, a decision by the Unemployment Insurance Appeal Board dated July 17, 2015, found, after investigation, that Plaintiff's actions on May 8, 2015 were not insubordination and, therefore, did not constitute misconduct.

81.     Plaintiff maintains in her possession dated recordings and photographs supporting her claims that Defendants' charges and accusations are false and, therefore, further supporting her claims that Defendants' actions are discriminatory, harassing and retaliatory in nature and that any defense proffered by Defendants is a pretext for discrimination.

82.     As documented, Defendants are very well aware that Plaintiff's minor and dependent son suffers from severe disabilities and has medical needs.

83.     However, Plaintiff's requests for a reasonable accommodation have been ignored and/or denied.

84.     In or about April 2015, Plaintiff submitted a request to be transferred from Lower Manhattan to Brooklyn, in order to be closer to her son's school and her place of residence, so that she can attend to him faster and easier in case of a medical emergency.

85.     Plaintiff's request was never processed by Defendants to NYCHA's Human Resource Department as directed on the form and therefore her request could not be approved.

86.     Mr. Carter, who acknowledged receipt of Plaintiff's request for accommodation on or about April 30, 2015, sent the form via e-mail to Louis Nieves, Manhattan Borough Administrator, and Mr. Lopez, and George Lizamma, but not to the Human Resources Department.

87.     The instructions on the form directed Plaintiff's supervisor to "Complete **Section IV**, and return one copy of completed form, and send a copy to the ERAC (Human Resources Department, 90 Church Street, 5th Floor, New York, NY 10007). The original form it to be sent to the decision-maker. (In the case of the Supervisor, it will be the Department Director, not the HR Director.)

88.     Section V of the form, which is supposed to be completed by the Defendants, is left blank indicating that Defendants ignored and/or denied Plaintiff's request for accommodation due to her son's disabilities.

89.     Furthermore, as a result of the continuous discrimination and harassment she was subjected to, Plaintiff engaged in protected activities by making several complaints against Defendants, including but not limited to the following:

> a.   In or about July 2014, Plaintiff submitted a complaint to The City of New York, Department of Investigation, against Caroline Soriano-Torres ("Ms. Soriano-Torres"), a Hispanic female, for bringing false charges against Plaintiff in an attempt to harass and discriminate against Plaintiff;

b. On or about March 26, 2015, Plaintiff submitted a complaint to the Chair and Chief Executive Officer of NYCHA, complaining of, among other things, corruption and harassment at the workplace;

c. On or about May 18, 2015, Plaintiff filed a complaint with the New York State Division of human Rights ("NYSDHR") and the Equal Employment Opportunity Commission ("EEOC") bringing claims of discrimination against Defendants; and

d. During the period of 2013 through 2015, Claimant complained to Supervisor Caretaker, Felicia Ford, that Mr. Lopez, Anthony Carter ("Mr. Carter") and Ms. Soriano-Torres, were giving significantly more overtime hours to Hispanic Caretakers as opposed to Plaintiff and other similarly situated Black Caretakers.

90. Plaintiff engaged in protected activities approximately one (1) week (i.e., July 2014 complaint) or even days (i.e., complaints of overtime hours throughout 2014) before being suspended for ten (10) days without pay and placed on probation for an entire year pursuant to the July 21, 2014 Settlement Conference.

91. Plaintiff also engaged in protected activities ten (10) months (i.e., Jul 2014 complaint); two (2) months (i.e., March 26, 2015 complaint); one (1) week (i.e., May 18, 2015 NYSDHR complaint); and a few days (i.e., complaints of overtime hours throughout 2015) before being terminated from NYCHA.

92. Ever since her unlawful termination on May 26, 2015, plaintiff has been actively searching for employment.

93. In addition, due to the stress and anxiety caused by Defendants' discriminatory, harassing and retaliatory actions, Plaintiff suffered from severe emotional distress.

## AS AND FOR A FIRST CAUSE OF ACTION
### Discrimination based on Race in Violation of
### Title VII, 42 U.S.C. §§2000e *et seq.*

94.     Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

95.     Defendants discriminated against Plaintiff because of her race since on or about August 2013 when Mr. Lopez became the Superintendent at the Jacob Riis Houses and have been continuous until her termination of May 26, 2015.

96.     In addition, investigations into numerous charges brought against Complainant for allegedly failing to perform her duties and responsibilities, as well as dated photographs and video recordings, have shown that Ms. Soriano-Torres, as well as other supervisors including Mr. Carter, made false accusations against Complainant.

97.     As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer severe emotional distress, and other monetary damages, including but not limited to back-pay and front-pay, connected with Defendants' violations of Title VII, 42 U.S.C. §§2000e, *et seq.*

98.     As a result of Defendants' unlawful acts, Plaintiff has been deprived of back-pay and front-pay in amounts to be determined at trial, and is entitled to recover such amounts, liquidated damages, pre- and post-judgment interests, attorneys' fees, costs, and other compensation pursuant to Title VII, 42 U.S.C. §§2000e, *et seq.*

99.     Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.

## AS AND FOR A SECOND CAUSE OF ACTION
### Discrimination based on Race in Violation of the
### Executive Law §§ 296, et seq.

100.    Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

101.    Defendants discriminated against Plaintiff because of her race since on or about August 2013 when Mr. Lopez became the Superintendent at the Jacob Riis Houses and have been continuous until her termination of May 26, 2015.

102.    In addition, investigations into numerous charges brought against Complainant for allegedly failing to perform her duties and responsibilities, as well as dated photographs and video recordings, have shown that Ms. Soriano-Torres, as well as other supervisors including Mr. Carter, made false accusations against Complainant.

103.    As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer severe emotional distress, and other monetary damages, including but not limited to back-pay and front-pay, connected with Defendants' violations of Executive Law §§ 296, *et seq.*

104.    As a result of Defendants' unlawful acts, Plaintiff has been deprived of back-pay and front-pay in amounts to be determined at trial, and is entitled to recover such amounts, liquidated damages, pre- and post-judgment interests, attorneys' fees, costs, and other compensation pursuant to Executive Law §§ 296, *et seq.*

105.    Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.

## AS AND FOR A THIRD CAUSE OF ACTION
### Discrimination based on Race in Violation of the
### Administrative Code §§ 8-101, *et seq.*

106.    Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

107.    Defendants discriminated against Plaintiff because of her race since on or about August 2013 when Mr. Lopez became the Superintendent at the Jacob Riis Houses and have been continuous until her termination of May 26, 2015.

108.    In addition, investigations into numerous charges brought against Complainant for allegedly failing to perform her duties and responsibilities, as well as dated photographs and video recordings, have shown that Ms. Soriano-Torres, as well as other supervisors including Mr. Carter, made false accusations against Complainant.

109.    As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer severe emotional distress, and other monetary damages, including but not limited to back-pay and front-pay, connected with Defendants' violations of Executive Law §§ 8-101, *et seq.*

110.    As a result of Defendants' unlawful acts, Plaintiff has been deprived of back-pay and front-pay in amounts to be determined at trial, and is entitled to recover such amounts, liquidated damages, pre- and post-judgment interests, attorneys' fees, costs, and other compensation pursuant to Executive Law §§ 8-101, *et seq.*

111.    Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.

112.    As a result of Defendants' aforementioned conduct, which has been and continues to be extreme and outrageous, Plaintiff is entitled to punitive damages.

### AS AND FOR A FOURTH CAUSE OF ACTION
**Discrimination based on Family Status in Violation of**
**Title VII, 42 U.S.C. §§2000e *et seq*.**

113.    Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

114.    As documented, Defendants are very well aware that Plaintiff's minor and dependent son suffers from severe disabilities and has medical needs.

115.    However, Plaintiff's requests for a reasonable accommodation have been ignored and/or denied.

116.    As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer severe emotional distress, and other monetary damages, including but not limited to back-pay and front-pay, connected with Defendants' violations of Title VII, 42 U.S.C. §§2000e, *et seq*.

117.    As a result of Defendants' unlawful acts, Plaintiff has been deprived of back-pay and front-pay in amounts to be determined at trial, and is entitled to recover such amounts, liquidated damages, pre- and post-judgment interests, attorneys' fees, costs, and other compensation pursuant to Title VII, 42 U.S.C. §§2000e, *et seq*.

118.    Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.

### AS AND FOR A FIFTH CAUSE OF ACTION
**Discrimination based on Family Status in Violation of the**
**Executive Law §§ 296, et seq.**

119.    Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

120.    As documented, Defendants are very well aware that Plaintiff's minor and dependent son suffers from severe disabilities and has medical needs.

121.    However, Plaintiff's requests for a reasonable accommodation have been ignored and/or denied.

122.    As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer severe emotional distress, and other monetary damages, including but not limited to back-pay and front-pay, connected with Defendants' violations of Executive Law §§ 296, *et seq.*

123.    As a result of Defendants' unlawful acts, Plaintiff has been deprived of back-pay and front-pay in amounts to be determined at trial, and is entitled to recover such amounts, liquidated damages, pre- and post-judgment interests, attorneys' fees, costs, and other compensation pursuant to Executive Law §§ 296, *et seq.*

124.    Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.

### AS AND FOR A SIXTH CAUSE OF ACTION
**Discrimination based on Family Status in Violation of the
Administrative Code §§ 8-101, *et seq.***

125.    Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

126.    As documented, Defendants are very well aware that Plaintiff's minor and dependent son suffers from severe disabilities and has medical needs.

127.    However, Plaintiff's requests for a reasonable accommodation have been ignored and/or denied.

128.   As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer severe emotional distress, and other monetary damages, including but not limited to back-pay and front-pay, connected with Defendants' violations of Executive Law §§ 8-101, *et seq.*

129.   As a result of Defendants' unlawful acts, Plaintiff has been deprived of back-pay and front-pay in amounts to be determined at trial, and is entitled to recover such amounts, liquidated damages, pre- and post-judgment interests, attorneys' fees, costs, and other compensation pursuant to Executive Law §§ 8-101, *et seq.*

130.   Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.

131.   As a result of Defendants' aforementioned conduct, which has been and continues to be extreme and outrageous, Plaintiff is entitled to punitive damages.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### Promoting a Hostile Work Environment in Violation of Title VII, 42 U.S.C. §§2000e *et seq.*

132.   Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

133.   In violation of Title VII, 42 U.S.C. §§2000e *et seq.*, Defendants promoted, allowed, encouraged and maintained a hostile work environment for Plaintiff by Defendants' failure and/or refusal to prevent, cure or eliminate the discrimination and the abusive work conditions Plaintiff endured.

134.   As a result of Defendants' aforementioned conduct, Plaintiff suffered, and continues to suffer severe emotional distress, and other monetary damages connected with Defendants violations of Title VII, 42 U.S.C. §§2000e *et seq.*

## AS AND FOR AN EIGHTH CAUSE OF ACTION
**Promoting a Hostile Work Environment in Violation of
Executive Law §§ 296, et seq.**

135.     Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

136.     In violation of Executive Law §§ 296, *et seq*., Defendants promoted, allowed, encouraged and maintained a hostile work environment for Plaintiff by Defendants' failure and/or refusal to prevent, cure or eliminate the discrimination and the abusive work conditions Plaintiff endured.

137.     As a result of Defendants' aforementioned conduct, Plaintiff suffered, and continues to suffer severe emotional distress, and other monetary damages connected with Defendants violations of Executive Law §§ 296, *et seq*.

## AS AND FOR A NINTH CAUSE OF ACTION
**Promoting a Hostile Work Environment in Violation of
Administrative Code §§ 8-101, *et seq*.**

138.     Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

139.     In violation of Administrative Code §§ 8-101, *et seq*., Defendants promoted, allowed, encouraged and maintained a hostile work environment for Plaintiff by Defendants' failure and/or refusal to prevent, cure or eliminate the discrimination and the abusive work conditions Plaintiff endured.

140.     As a result of Defendants' aforementioned conduct, Plaintiff suffered, and continues to suffer severe emotional distress, and other monetary damages connected with Defendants violations of Administrative Code §§ 8-101, *et seq*.

141.     As a result of Defendants' aforementioned conduct, which has been extreme and outrageous, Plaintiff is entitled to punitive damages.

## AS AND FOR A TENTH CAUSE OF ACTION
### Retaliation in Violation of Title VII, 42 U.S.C. §§2000e *et seq*.

142.     Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

143.     In violation of Title VII, 42 U.S.C. §§ 2000e *et seq*., Defendants retaliated against Plaintiff for complaining of the discriminatory, harassing and disparate treatment she was subjected to by Defendants.

144.     As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' aforementioned violations.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### Retaliation in Violation of Executive Law §§ 296, *et seq*.

145.     Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

146.     In violation of the New York State Executive Law, §§ 296, *et seq*., Defendants retaliated against Plaintiff for complaining of the discriminatory and disparate treatment she was subjected to by Defendants.

147.     As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' aforementioned violations.

## AS AND FOR A TWELFTH CAUSE OF ACTION
### Retaliation in Violation of Administrative Code §§ 8-101, *et seq.*

148.   Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

149.   In violation of the New York City Administrative Code, §§ 8-107, *et seq.*, Defendants retaliated against Plaintiff for complaining of the discriminatory and disparate treatment she was subjected to by Defendants.

150.   As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' aforementioned violations.

151.       As a result of the outrageous and blatantly retaliatory conduct of Defendants, with such conduct that contravenes public policies and statutes, Plaintiff is entitled to punitive damages.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### Breach of Fiduciary Duty

152.   Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

153.   Defendants owed Plaintiff a duty of care and a duty not to discriminate, harass and retaliate against her at the workplace.

154.   As a result of Defendants' aforementioned breach of fiduciary duty owed to Plaintiff, Plaintiff has suffered, and continues to suffer monetary damages connected with defendant's violation of the terms of the Agreement.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff, Disiree Toombs, demands the following relief:

A.      award Plaintiff equitable relief of back pay, front pay, salary and fringe benefits;

B.      award Plaintiff full compensation damages under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e *et seq*. ("Title VII"), Executive Law of the State of New York, New York State Human Rights Law ("Executive Law"), § 296, *et seq.*, and the Administrative Code of the City of New York, New York City Human Rights Law ("Administrative Code"), § 8-101, *et seq*.;

C.      award full liquidated and punitive damages as allowed under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e *et seq*. ("Title VII"), Executive Law of the State of New York, New York State Human Rights Law ("Executive Law"), § 296, *et seq.*, and the Administrative Code of the City of New York, New York City Human Rights Law ("Administrative Code"), § 8-101, *et seq*.;

D.      award pre-judgment and post-judgment interests;

E.      issue a declaratory judgment declaring that Plaintiff's termination on May 26, 2015 was unlawful and removing from Plaintiff's files, and permanently expunging, any of the write-ups referenced herein;

F.      reinstate Plaintiff in her capacity as Caretaker J;

G.      enjoin Defendants from further retaliation;

   H.  award Plaintiff an amount to be determined at trial of lost compensation, back-pay, front-pay, bonuses, raises, emotional distress damages, and additional amounts such as liquidated damages;

   I.  award Plaintiff such compensatory, prospective, exemplary and punitive damages as this Court deems appropriate, just and proper;

   J.  award Plaintiff the cost of prosecuting this action and for reasonable attorneys' fees under the aforementioned statutes and 42 U.S.C. § 1988; and

   K.  such other and further relief as this Court deems just and proper.

Dated: New York, New York
   May 5, 2016

      Respectfully Submitted,

      **RUDY A. DERMESROPIAN, LLC**

    By: ___s/ Rudy A. Dermesropian_____
      Rudy A. Dermesropian (RD 1882)
      45 Broadway, Suite 1420
      New York, NY 10006
      Telephone: (646) 586-9030
      Fax: (646) 586-9005

      *Attorneys for Plaintiff*

Exhibit A

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To:  **Disiree Toombs**
   **50 Stuyvesant Ave. Apt. 13C**
   **Brooklyn, NY 11221**

From:  **New York District Office**
    **33 Whitehall Street**
    **5th Floor**
    **New York, NY 10004**

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| | **Holly M. Woodyard,** | |
| 16G-2015-03106 | **State & Local Program Manager** | (212) 336-3643 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

**Kevin J. Berry,**
**District Director**

Enclosures(s)

cc:

**CITY OF NEW YORK HOUSING AUTHORITY**
Legal Dept.,
250 Broadway, 9th Fl.
New York, NY 10007

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
NEW YORK DISTRICT OFFICE
STATE & LOCAL UNIT

FEB  5 ENT'D

*(Date Mailed)*

DATE RECEIVED